Filed 2/11/21  P. v. Camba CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301621 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA478693) |
| v. | |
| JAVIER VICTOR CAMBA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior

Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

Appellant Javier Victor Camba was convicted by a jury of receiving a stolen car. At trial, Los Angeles County Sheriff's Department Deputy Manan Butt testified that he found appellant seated in the driver's seat of the stolen car, in which the steering column had been removed and a screwdriver had been inserted into the ignition. Appellant was in possession of a shaved car key, a tool commonly used by car thieves. Immediately after he was advised of his *Miranda* rights, appellant asked whether the deputy had seen him driving the car (suggesting, as appellant now concedes, his knowledge that he should not be associating with the car).[1] Appellant also told the deputy that someone had given him the car for a wash, but failed to either identify that person or answer when Deputy Butt asked where appellant's cleaning materials were.

The trial court struck additional testimony from Deputy Butt, and instructed the jury to disregard it. The stricken testimony had advanced Deputy Butt's interpretation of appellant's question as reflecting

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

2

knowledge that the car was stolen. Appellant's counsel moved for a mistrial on the ground that the stricken testimony was incurably prejudicial. The court denied the motion, finding no prejudice in light of the strong prosecution evidence.

Appellant neither testified nor presented evidence. His counsel's principal defense theory was that had appellant known the car was stolen, he would have fled. The jury convicted appellant.

On appeal, appellant contends the court abused its discretion by denying his motion for a mistrial, arguing he was prejudiced by Deputy Butt's stricken testimony despite the court's instruction to the jury to disregard it. We disagree and affirm.

**PROCEEDINGS BELOW**
A. *The Evidence at Trial*
    1. *The Stolen Car, Shaved Key, and Screwdriver*

Frederick Leister testified that on June 4 or 5, 2019, he reported to the police that someone had stolen his car, a black SUV with a Mississippi license plate. Deputy Butt testified that on June 13, 2019, he was patrolling an industrial area in East Los Angeles in his uniform and marked police vehicle. He noticed a black SUV with a Mississippi license plate (later identified as Leister's stolen car) parked at a curb. Appellant was seated in the driver's seat, with his body partially emerging from the open

3

driver's-side door.  A woman was sitting on a motorized scooter directly behind the car.  Deputy Butt stopped his vehicle close behind the scooter, ran the car's license plate number in a stolen vehicle database, and almost immediately received a notice that the car had been reported stolen.  Meanwhile, appellant had looked in Deputy Butt's direction, exited the car, walked to and knelt behind the scooter, and started speaking with the woman.

Deputy Butt detained appellant and the woman and waited until Deputy Danny Galvez and other officers arrived as backup.  He saw Deputy Galvez search appellant's person and discover a shaved car key (for a different type of car).[2] Deputy Butt testified that shaved keys "are used . . . by criminals to unlock vehicles and to start cars."

Looking into the car, Deputy Butt saw that the driver's-side door panel and the steering column had been removed.  Further, the ignition had been punched out, and a screwdriver had been inserted into it, for use as a makeshift key.

## 2. *Appellant's Question to Deputy Butt*

After testifying as described above, Deputy Butt testified that he advised appellant of his *Miranda* rights.  At that time, neither the deputy nor any other person present had mentioned a stolen car.  Deputy Butt further testified

---

[2]      Deputy Galvez later testified that he found two shaved keys in appellant's possession.

4

that immediately after appellant confirmed he understood his rights, appellant asked, "'Did you see me drive it?'" Defense counsel did not object to this testimony.

The prosecutor asked Deputy Butt what he believed appellant's question referred to. Deputy Butt responded, "When he made that statement [*sic*], he let me know that he knew that this vehicle was stolen." Appellant's counsel objected to this testimony on the grounds that it was speculative and went to an ultimate issue in the case. The court struck the challenged testimony and admonished the jury to "disregard that statement about what [the deputy] indicated the defendant knew or didn't know. You're to disregard that."

Outside the presence of the jury, defense counsel moved for a mistrial, stating, "I believe we can't unring that bell." The court denied the motion, stating, "I think the evidence in this case -- from what's been presented already and what, based on the [Evidence Code section] 402 [hearing], I expect to hear, and opening statement -- that the evidence is pretty strong.[3] And I don't think there's any harm."

---

[3] During a pretrial hearing held under Evidence Code section 402, Deputy Butt had testified that (1) appellant said he had been washing the car for someone; (2) Deputy Butt asked appellant how he had planned to wash the car without water, soap, or other cleaning materials; (3) appellant remained silent in response; and (4) Deputy Butt asked appellant no further questions. During opening statements, the prosecutor had
*(Fn. is continued on the next page.)*

5

### 3. *Appellant's False Claim to Deputy Butt*

After the court denied appellant's motion for a mistrial, Deputy Butt testified that he asked appellant why he had been inside the car, and appellant responded that he had been washing the car for someone. Deputy Butt asked appellant to identify or describe the person, but appellant said he could not. Deputy Butt asked appellant where he was keeping his cleaning materials, such as water and soap (none of which was present). Appellant did not respond. Deputy Butt asked appellant no further questions.

Appellant neither testified nor presented evidence.

### B. *Closing Arguments*

The prosecutor argued appellant had known the car was stolen at the time he was in possession of it. The prosecutor identified "the most persuasive evidence" as the removal of the steering column and insertion of a screwdriver into the ignition. He also relied on (1) appellant's possession of a shaved car key; (2) appellant's effort to distance himself from the car after he saw Deputy Butt; (3) appellant's false claim to have been given possession of the car for a wash, which the prosecutor argued reflected consciousness of guilt; and (4) appellant's question whether Deputy Butt had seen him driving the car, which

---

previewed nearly all the prosecution evidence. Appellant's counsel had mentioned no affirmative defense evidence.

6

the prosecutor argued was motivated by appellant's knowledge that the car was stolen.

Appellant's counsel argued the prosecution had failed to prove beyond a reasonable doubt that appellant knew the car was stolen. As "the most important factor" in appellant's defense, he relied on the fact that appellant had not fled after seeing Deputy Butt, arguing that appellant would have fled had he known the car was stolen.

### C. *Deliberations and Verdict*

During deliberations, the jury submitted a request for readback. The request is not in the record. The court quoted it as follows: "'We the jury submit the following request or questions.' The court -- 'Deputy Butt's testimony where he' -- I don't know what that word is -- something 'where he made the statement about not driving the vehicle,' quote, 'Did you see me drive it,' unquote." With the parties' consent, the jury received a readback of a portion of Deputy Butt's testimony, which the court marked as court's exhibit 1. We have reviewed the exhibit, which shows that the readback included Deputy Butt's testimony about the fact of appellant's question, but omitted Deputy Butt's stricken testimony interpreting the question. The foreperson confirmed that the readback had satisfied the jury's request. The jury convicted appellant.

The court sentenced appellant to the high term of three years (to be served in county jail). Appellant timely appealed.

**DISCUSSION**

Appellant contends the trial court abused its discretion by denying his motion for a mistrial, arguing he was prejudiced by Deputy Butt's stricken testimony despite the court's instruction to the jury to disregard it.  A trial court should grant a defendant's motion for mistrial if the court is "'"apprised of prejudice that it judges incurable by admonition or instruction."'"  (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 634.)  "'"Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions."'"  (*Ibid.*)  Consistent with the general presumption that jurors follow the trial court's instructions, courts presume that jurors disregard stricken testimony when they have been admonished to do so.  (See *People v. Gonzales and Soliz* (2011) 52 Cal.4th 254, 292.)[4]

---

[4]     As appellant observes (without acknowledging that he is quoting Justice Carter's dissenting opinion), "'It has been truly said: "You can't unring a bell."'"  (*People v. Wein* (1958) 50 Cal.2d 383, 423 (dis. opn. of Carter, J.).)  But this aphorism has no force of law.  (See *People v. Coddington* (2000) 23 Cal.4th 529, 631 ["We do not agree that it is not possible, through instructions, to 'unring the bell' heard earlier.  Rather, we assume the jury was capable of following the court's instruction here to disregard evidence"], overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046; *People v. Maciel* (2013) 57 Cal.4th 482, 529 ["Contrary to defendant's contention that there 'was nothing the trial court could have done to "unring the bell,"' had defendant promptly raised the issue, the court could have . . .
*(Fn. is continued on the next page.)*

The trial court acted well within its discretion in finding no prejudice from Deputy Butt's stricken testimony, which it unequivocally admonished the jury to disregard. Because appellant never renewed his motion for a mistrial, we evaluate the court's ruling at the time it was made, viz., immediately after Deputy Butt's testimony was stricken. (See 5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2020) § 647.) At that time, the jury had heard nearly all the prosecution evidence, including unchallenged evidence that (1) appellant had been found seated in the driver's seat of the stolen car, in which the steering column had been removed and a screwdriver had been inserted into the ignition; (2) appellant had been in possession of at least one shaved car key, commonly used to steal cars; and (3) unprompted, appellant had asked whether the deputy had seen him driving the car, reasonably supporting an inference that he knew the car was stolen. Indeed, appellant concedes any reasonable juror would have interpreted appellant's question as reflecting knowledge that "'he should not be associating with that car.'" Further, the court was aware of Deputy Butt's anticipated testimony regarding appellant's false claim to have been washing the car, which reasonably supported an inference of consciousness of guilt. Finally, the court reasonably could have predicted that little or no

---

considered whether [prosecutorial] misconduct had occurred, and if so, whether any prejudice was "'incurable by admonition or instruction'"".)

9

defense evidence would be presented, given defense counsel's failure to mention any affirmative defense evidence in his opening statement. In sum, in light of the overwhelming prosecution evidence, the court had ample ground to find no prejudice.

Appellant improperly relies on events that occurred after the court denied his motion. Specifically, he argues that the incurably prejudicial effect of the stricken testimony was revealed by the prosecutor's closing argument and the jury's request for readback. Even had the court known of these matters at the time it ruled on the motion, they would not have come close to compelling a finding of incurable prejudice. Contrary to appellant's characterization of the prosecutor's argument, the prosecutor placed no special emphasis on appellant's question, instead emphasizing the evidence that the steering column had been removed and a screwdriver had been inserted into the ignition. To the extent the prosecutor did rely on appellant's question, he did so permissibly; the question itself had properly been admitted, and the prosecutor merely advanced a reasonable interpretation of the question as reflecting knowledge that the car was stolen. Finally, the jury's readback request concerned appellant's question, not Deputy Butt's stricken interpretation of it -- as shown by the foreperson's confirmation that the readback, which omitted the stricken testimony, had satisfied the jury's request.

*People v. Navarrete* (2010) 181 Cal.App.4th 828, the principal case on which appellant relies, is distinguishable.

10

There, a defendant charged with a lewd act on a minor made an incriminating pretrial statement, which he successfully moved to suppress. (*Id.* at 829-831.) At trial, a detective willfully violated the suppression ruling, testifying that his principal reason for foregoing DNA testing was a statement the defendant had made, which he could not discuss further because the court had ruled it inadmissible. (*Id.* at 831, 836.) The trial court struck this testimony and instructed the jury to disregard it, but denied two defense motions for a mistrial. (*Id.* at 831-832.) On appeal from the defendant's conviction, the Court of Appeal held that the trial court had abused its discretion in denying the mistrial motions. (*Id.* at 834-836.) It reasoned that (1) because the prosecution evidence had been "not overwhelming," the jury likely had inferred from the detective's testimony that the defendant had confessed; and (2) "even a single reference to an inadmissible confession can be the sort of 'exceptional circumstance' that supports granting a mistrial because a curative instruction cannot undo the prejudice to the defendant." (*Id.* at 834-836.)

Here, the prosecution evidence *was* overwhelming, and there were no exceptional circumstances akin to a reference to an inadmissible confession. Appellant's question was neither inadmissible nor a confession. Deputy Butt's stricken testimony merely advanced a reasonable interpretation of the question as reflecting knowledge that the car was stolen -- an interpretation which the prosecutor permissibly advanced in argument, and which the jury likely

would have drawn had it never heard Deputy Butt's stricken testimony.  We conclude the trial court acted within its discretion in finding no prejudice and denying appellant's motion for a mistrial.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.